FILED

March 14, 2018

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 9:26 A.M.



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| Carlotta Davis | ) | Docket No. 2017-06-0931 |
| | ) | |
| v. | ) | State File No. 20334-2017 |
| | ) | |
| GCA Services Group, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Joshua D. Baker, Judge | ) | |

---

**Affirmed in Part, Vacated in Part,**
**and Remanded - Filed March 14, 2018**

---

The employee, a custodian, suffered injuries when she fell while on a phone call with her supervisor. The employer initially accepted the claim but later denied benefits on the basis that the employee's injuries were idiopathic. Following an expedited hearing, the trial court found that the employee suffered a compensable injury, ordered the employer to pay temporary partial disability benefits, and denied the employee's request for mileage reimbursement. The employer filed a motion asking the trial court to reconsider its award of temporary disability benefits. The court granted the motion and issued an amended order for a reduced amount of temporary disability benefits and, as in its prior order, ruled that the employee suffered a compensable injury. The employee has appealed. We affirm the trial court's award of temporary partial disability benefits and the denial of mileage reimbursement. However, we vacate as premature the trial court's determination that the employee suffered a compensable injury and remand the case.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Timothy W. Conner joined.

Carlotta Davis, Nashville, Tennessee, employee-appellant, pro se

J. Allen Callison, Brentwood, Tennessee, for the employer-appellee, GCA Services Group, Inc.

1

## Factual and Procedural Background

Carlotta Davis ("Employee") was employed by GCA Services Group, Inc. ("Employer"), as a school custodian.[1]  On March 20, 2017, Employee was operating a "scrubber" to clean the floors when she received a call from her supervisor.  The call was contentious and, as Employee was placing the scrubber and its power cord against the wall so she could go outside to speak with her supervisor, she fell.  In her deposition, Employee indicated she could not say what caused her to fall, although the trial court's order denying a motion for summary judgment, its initial expedited hearing order, and its amended order, reflect Employee believed she either tripped over the cord or slipped on the wet floor.

Employer initially accepted the claim as compensable and provided medical benefits.  However, it later denied the claim on the basis that Employee's injuries were idiopathic.  Employer filed a motion for summary judgment, which the trial court denied.

Following an expedited hearing, the trial court issued an order finding that Employee "suffered a compensable injury" and, "having found compensability," directed Employer to pay temporary partial disability benefits in the amount of $2,151.73.  The court denied Employee's request for mileage reimbursement because her travel did not meet the statutory threshold to entitle her to reimbursement.

Thereafter, Employer filed a motion requesting that the trial court reconsider its award of temporary partial disability benefits.  Employer argued that Employee had been provided a panel of physicians and that she, through no fault of Employer, had failed to select a physician in a timely fashion.  Thus, Employer asserted that Employee had unreasonably refused medical care, and it had no obligation to pay temporary disability benefits for the time she was medically noncompliant.  In addition, Employer argued that the trial court incorrectly calculated the amount awarded and that Employee made no mention of temporary disability benefits in her affidavit filed with her request for an expedited hearing.  Employer maintained that her failure to request temporary disability benefits should preclude the court from addressing those benefits, as Employer had no notice those benefits were in dispute.

The trial court granted Employer's motion to reconsider and issued an amended order in which it again determined Employee "suffered a compensable injury" and reduced the amount owed to $469.80.  The trial court stated that it "grants the [Employer's] motion and enters the following amended order granting [Employee] a reduced amount of *permanent* partial disability benefits." (Emphasis added.)  At the end of its order, however, the trial court stated it was awarding temporary partial disability

---

[1] The record contains neither a transcript nor a statement of the evidence.  Thus, we have gleaned the facts from the pleadings, exhibits, and the trial court's expedited hearing orders.

benefits. For purposes of this appeal, we assume the court's reference to permanent partial disability benefits was an oversight and that the benefits awarded were temporary partial disability benefits. Employee has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2017). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2017).

## Analysis

### *Findings of Compensability*

Initially, we must address the trial court's findings regarding the compensability of Employee's claim. In its initial order and in its amended order, the trial court determined that Employee "suffered a compensable injury." In both orders, the court went on to explain that Employee's "injury is not idiopathic and that the accident originated in the hazards of her employment. Thus, the Court holds [Employee] suffered a compensable injury." The trial court noted that, "having found compensability," Employee was entitled to benefits.

As we have indicated on several occasions, such findings are premature at an expedited hearing. In one case, we observed that "to the extent the trial court found that [the employee's] claim is compensable at this stage of the case, that finding is premature," and we vacated that part of the court's decision. *Sirkin v. Trans Carriers, Inc.*, No. 2015-08-0292, 2016 TN Wrk. Comp. App. Bd. LEXIS 22, at *7 (Tenn. Workers' Comp. App. Bd. May 9, 2016). In another case, we reiterated that a finding of compensability following an expedited hearing was improper and vacated the finding in that case as well. *Yarbrough v. Protective Servs. Co., Inc.*, No. 2015-08-0574, 2016 TN

3

Wrk. Comp. App. Bd. LEXIS 25, at *12 (Tenn. Workers' Comp. App. Bd. May 27, 2016). On yet another occasion, we determined that "it is inappropriate to include findings in an expedited hearing order that appear to resolve ultimate issues in a case," such as compensability of the injury, and we again vacated that part of the court's decision. *Frye v. Vincent Printing Co.*, No. 2016-06-0327, 2016 TN Wrk. Comp. App. Bd. LEXIS 34, at *20 (Tenn. Workers' Comp. App. Bd. Aug. 2, 2016). We are compelled to do the same here.

As explained in these prior cases, the standard of proof at an expedited hearing is whether an employee "would likely prevail at a hearing on the merits." Tenn. Code Ann. § 50-6-239(d)(1). The principle purpose of the expedited hearing process is to determine whether benefits should be initiated pending a trial and, at this stage of the process, neither party is required to offer the extent of its evidence or present its final case. Often, discovery is incomplete and the parties are in the midst of developing their proof, formulating their legal theories, and otherwise fashioning their litigation strategies as they move toward trial. In addition, an interlocutory order is subject to revision prior to a final judgment. *See* Tenn. R. Civ. P. 54.02. For these reasons, we reiterate that it is inappropriate to make findings in an expedited hearing order that resolve the case on the merits, namely, a finding that an employee has established the compensability of his or her claim. Accordingly, we vacate the trial court's finding that Employee "suffered a compensable injury."

*Inadequate Record*

Turning to the merits of this appeal, Employee's notice of appeal asserts that she was "treated unfair[ly]" and that she "want[s] a new face to face Court hearing." However, Employee has not filed a brief, and we have no way of knowing the basis for her assertions. *See* Tenn. Comp. R. & Regs. 0800-02-22-.02(2) (2018) (the appellant "shall file a brief" within ten business days of the expiration of the time to file a transcript or statement of the evidence).[2] Other than the conclusory statements made in her notice of appeal, she has provided no argument and no indication of which particular findings of the trial court she is challenging and why. In addition, we have not been provided a transcript of the proceedings before the trial court or a statement of the evidence.

Our ability to conduct meaningful appellate review is significantly hampered when an appellant fails to provide a transcript or statement of the evidence and fails to offer any substantive argument on appeal. *Hardin v. Dewayne's Quality Metals*, No. 2015-07-0067, 2015 TN Wrk. Comp. App. Bd. LEXIS 45, at *3-4 (Tenn. Workers' Comp. App. Bd. Nov. 18, 2015). Without a transcript or a statement of the evidence, we cannot know

---

[2] *Employer* filed a brief on February 26, 2018. However, Employer's brief was due on February 23, and no explanation has been provided as to why the brief was not timely filed. Moreover, Employer has not filed a motion that we accept its untimely brief. Thus, we have not considered Employer's brief in deciding this appeal.

4

what testimony was presented to the trial court, and we decline to speculate. Indeed, where no transcript or statement of the evidence is filed, we are required to presume that the record supports the trial court's decision. *Estate of Cockrill*, No. M2010-00663-COA-R3-CV, 2010 Tenn. App. LEXIS 754, at *11-12 (Tenn. Ct. App. Dec. 2, 2010). As noted by the Tennessee Court of Appeals, "[a]n incomplete appellate record is fatal to an appeal on the facts," *Piper v. Piper*, No. M2005-02541-COA-R3-CV, 2007 Tenn. App. LEXIS 70, at *11 (Tenn. Ct. App. Feb. 1, 2007), and a reviewing court "must conclusively presume that the evidence presented supported the facts as found by the trial court," *Whitesell v. Moore*, No. M2011-02745-COA-R3-CV, 2012 Tenn. App. LEXIS 894, at *10 (Tenn. Ct. App. Dec. 21, 2012).

Given the lack of a transcript of the proceedings or a statement of the evidence, we presume the trial court's award of temporary partial disability benefits and its determination that Employee is not entitled to mileage reimbursement are correct.

**Conclusion**

For the foregoing reasons, we hold that the evidence does not preponderate against the trial court's award of temporary partial disability benefits or its determination that Employee is not entitled to mileage reimbursement. Thus, that part of the court's decision is affirmed. We vacate the trial court's finding that Employee established the compensability of her claim, and we remand the case.

5

**FILED**

**March 14, 2018**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 9:26 A.M.



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Carlotta Davis | ) | Docket No.  2017-06-0931 |
| | ) | |
| v. | ) | State File No.  20334-2017 |
| | ) | |
| GCA Services Group, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Joshua D. Baker, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 14th day of March, 2018.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Carlotta Davis | | | | | X | carlotta984@gmail.com |
| J. Allen Callison | | | | | X | acallison@chartwelllaw.com |
| Joshua D. Baker,  Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov